**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:12CV-00146-TBR**
**CRIMINAL ACTION NO. 1:09CR-00026-TBR**

**MICHAEL TROY WHITE**                                    **MOVANT/DEFENDANT**

**VS.**

**UNITED STATES OF AMERICA**                    **RESPONDENT/PLAINTIFF**

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

### BACKGROUND

The movant/defendant, Michael Troy White ("White"), proceeding *pro se*, filed a motion to vacate, set aside or correct sentence ("motion to vacate"), pursuant to 28 U.S.C. § 2255 (DN 1197, 1206, 1210). The respondent/plaintiff, United States of America ("United States"), has filed an answer (DN 1265). White has filed a reply memorandum and affidavit in support of his motion to vacate (DN 1278).

The District Judge referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter (DN 11216). The undersigned appointed counsel for White (DN 1294) and conducted an evidentiary hearing on May 1, 2013. White and the United States presented evidence through testimony from White and Dennis M. Ritchie. This matter is now ripe for determination.

FINDINGS OF FACT

On June 11, 2009, Magistrate Judge E. Robert Goebel signed a criminal complaint naming White and nine co-defendants: Travis Crew ("Crew"), Amanda Pepper ("Pepper"), Lakeisha Jones ("L. Jones"), Shamonica Jones ("S. Jones"), Joseph "Tiny" Smith ("J. Smith"), Melissa Owens ("M. Owens"), John A. Johnson ("J. Johnson"), Tavana Stone ("T. Stone"), and Justin Dicken ("J. Dicken") (DN 1). The criminal complaint charged White and his co-defendants with drug trafficking in Adair County, Kentucky, from July 2007 through May 20, 2009 (DN 1).

On July 8, 2009, a federal Grand Jury in the Western District of Kentucky issued a 43 count Superseding Indictment naming White, his original nine co-defendants, and Roderick Curry ("R. Curry"), Mark Vincent Curry ("M. Curry"), Kelvin Bowers ("Bowers"), Chad T. Bridgewater ("Bridgewater"), Diontate Ennis ("Ennis"), Jarrid Decarlo Smith aka BAM ("J. Smith"), Steven Wayne Williams ("Williams"), and Joshua I. Woodard ("Woodard") Travis Delbert Crew ("Crew"), and Justin K. Dicken ("Dicken") (DN 74). The Superseding Indictment charged White and his co-defendants with being involved in a drug trafficking conspiracy that involved 50 grams or more of crack cocaine in Adair County, Kentucky, between July 2007 and May 20, 2009 (Count 1) (DN 74). Count 43 is a forfeiture count pertaining to White and his co-defendants (DN 74).

On September 9, 2009, a federal Grand Jury in the Western District of Kentucky issued a 41 count Second Superseding Indictment against White, the above named co-defendants, and Faye Thompson ("Thompson"), Teresa L. Richardson ("Richardson"), Donna M. Curry ("D. Curry"), and Jay D. Lovins ("Lovins") (DN 173). The Second Superseding Indictment charged White and his co-defendants with being involved in a drug trafficking conspiracy that involved 50 or more grams of crack cocaine in Adair County, Kentucky, between July 2007 and May 20, 2009 (Count 1) (DN

2

173).  Count 41 is a forfeiture count that pertains to White and his co-defendants (DN 173).

On January 4, 2010, a federal Grand Jury in the Western District of Kentucky issued a 43 count Third Superseding Indictment against White, the above co-defendants, and Briceson Walkup ("Walkup"), Vickie Sue Passmore ("Passmore"), Jodi Momanyi ("Momanyi"), Charles Curry ("C. Curry"), Cassie M. Strunk ("Strunk"), Vonda Bridgewater ("V. Bridgewater"), Henry Houston Murray ("Murray"), and Ethel Mae Bridgewater ("E. Bridgewater") (DN 311).  The Third Superseding Indictment charged White and his co-defendants with being involved in a drug trafficking conspiracy that involved 50 or more grams of crack cocaine in Adair County, Kentucky, between July 2007 and May 20, 2009 (DN 311, Count 1).  Additionally, the Third Superseding Indictment sets forth a forfeiture count that pertains to White and his co-defendants (DN 311).

On January 18, 2011, White executed a plea agreement with the United States that required him to enter a plea of guilty to Count 1 (DN 637, Plea Agreement).  On the same date he executed a plea supplement (DN 643, Sealed Document).  In the plea agreement, the parties agreed to the following factual basis for White's plea:

> Between July 2007 and May 22, 2009, Michael Troy White knowingly conspired with individuals named in Count 1 of the Third Superseding Indictment in this case to distribute more than 50 grams of crack cocaine.

(DN 637, Plea Agreement at Paragraph 3).

Notably, the plea agreement includes the following waiver provision:

> 12.  Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The **Defendant knowingly and voluntarily waives the right** (a) to **directly appeal his conviction and the resulting sentence** pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) **to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise.**

3

> Defendant understands and agrees that nothing in this plea agreement should be construed as a waiver by the United States of its right to appeal the sentence under 18 U.S.C. §3742.

(DN 637, Plea Agreement at Page 4) (emphasis added).

White signed the plea agreement on January 18, 2011 (DN 637, Plea Agreement at Page 7).

Immediately above his signature is the attestation:

> I have read this Agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

(DN 637, Plea Agreement at Page 7).  White's attorney, Dennis Ritchie, also signed the plea

agreement on January 18, 2011 (DN 637, Plea Agreement at Page 7).  Immediately above counsel's

signature is the attestation:

> I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with the defendant.  To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

(DN 637, Plea Agreement at Page 7).

During the change of plea hearing on January 18, 2011, White advised Magistrate Judge E.

Robert Goebel ("Magistrate Judge Goebel") of his desire to withdraw his previously entered plea

of not guilty and enter a plea of guilty to Count 1 of the Third Superseding Indictment pursuant to

Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure (DN 665, Report and

Recommendation; DN 1256, Change of Plea Transcript at Pages 2-27).  During the hearing defense

counsel confirmed that he had explained to White his Constitutional rights; he believed White

understood those rights; he talked with White about the evidence and any possible defenses that may

be available (DN 1256, Change of Plea Transcript at Pages 2-3).  Additionally, while under oath,

White affirmatively indicated to Magistrate Judge Goebel that he had enough time to talk about his

4

guilty plea with defense counsel (DN 1256, Change of Plea Transcript at Page 7). Further, White confirmed that he was satisfied with the advice he had received so far from defense counsel (DN 1256, Change of Plea Transcript at Page 7). Moreover, while under oath, Curry affirmatively indicated he understood he was not required to plead guilty and no one can make him plead guilty, not even his attorney (DN 1256, Change of Plea Transcript at Page 7). Moreover, White confirmed that he understood his Constitutional rights pertaining to a trial and by entering a guilty plea he will be giving up those rights (DN 1256, Change of Plea Transcript at Pages 8-10).

During the change of plea hearing, Assistant United States Attorney David R. Weiser ("AUSA Weiser") confirmed that under the terms of the plea agreement White would be giving up his rights to directly appeal and to collaterally attack his conviction and sentence (DN 1256, Change of Plea Transcript at Page 17). Magistrate Judge Goebel then asked White the following question:

> Mr. White, do you understand that you will have no right of appeal from Judge Russell's sentence in this case? The sentence in this case, there is no appeal to a higher court saying the judge messed up, he did wrong.
>
> You understand that you are giving up that right in this written plea agreement? Do you understand that, sir?

(DN 1256, Change of Plea Hearing Transcript at Page 17). White responded "[y]es, sir" (DN 1256, Change of Plea Hearing Transcript at Page 17).

Magistrate Judge Goebel then explored whether White understood he was also giving up his right to collaterally attack his sentence (DN 1256, Change of Plea Hearing Transcript at Page 18). In an effort to help White understand the right he was giving up, Magistrate Judge Goebel engaged in the following colloquy with White:

> THE COURT: You have also given up the right to make what's called a collateral attack on the sentence. And we see that quite often

5

> for persons who are sent to prison, they will file a petition with us called a petition for writ of habeas corpus.  And in this petition, they often claim that their attorney was ineffective, that he did not give them good advice or that you really didn't understand the consequences of your plea, things of that nature.  It's a very limited list of things that are sometimes raised.  And raised in those kind of petitions, you understand you can't raise those types of complaints in that type of petition against -- in this situation?
>
> Do you understand that, sir?
>
> THE DEFENDANT:  Yes, sir.

(DN 1256, Change of Plea Transcript at Page 18).

At Magistrate Judge Goebel's request, AUSA Weiser provided a summary of the substantive terms of the Rule 11(c)(1)(c) plea agreement (DN 1256, Change of Plea Hearing Transcript at Pages 20-22).  In pertinent part, AUSA Weiser's summary reads as follows:

> In paragraph 12, the defendant has agreed to waive his right to appeal both his conviction and the resulting sentence, as discussed by the Court previously.  And he has also waived his right to collaterally attack or contest his conviction and the resulting sentence.

(DN 1256, Change of Plea Hearing Transcript at Page 21).  Notably, AUSA Weiser indicated this is a Rule 11(c)(1)(c) plea agreement which means White has the right to withdraw his guilty plea if the Court does not accept the plea agreement and impose the agreed upon sentence (DN 1256, Change of Plea Transcript at Pages 21-22).

After AUSA completed his summary of the terms in the plea agreement, Magistrate Judge Goebel  asked White, "are those the terms of the plea agreement as you understand it?"  (DN 1256, Change of Plea Transcript at Page 22).  White responded, "[y]es, sir" (DN 1256, Change of Plea Transcript at Page 22).  Notably, Magistrate Judge Goebel again discussed with AUSA Weiser that this is a Rule 11(c)(1)(c) plea agreement and, as a result, either party has the ability to withdraw

from the plea agreement if the Court does not impose the agreed upon sentence of 10 years (DN 1256, Change of Plea Transcript at Pages 23-24). White confirmed this was his understanding (DN 1256, Change of Plea Transcript at Page 24).

At Magistrate Judge Goebel's request, AUSA Weiser provided a summary of the facts the United States would be prepared to prove at trial (DN 1256, Change of Plea Transcript at Pages 25-26). Defense counsel agreed with the summary of facts and believed the United States could produce that type of evidence at trial (DN 1256, Change of Plea Transcript at Page 26).

After examining White under oath, Magistrate Judge Goebel found him competent to enter the plea; the plea was knowing, voluntary and with the advice of counsel; White understood his Constitutional rights and waived them; and a factual basis for the plea had been established (DN 665, Report and Recommendation; DN 1256, Change of Plea Hearing Transcript at Pages 2-27). The District Judge subsequently signed an order adopting the Report and Recommendations of Magistrate Judge Goebel (DN 755).

The District Judge conducted White's sentencing hearing on August 2, 2011 (DN 975, Judgment at Page 1; DN 1237, Sentencing Hearing Transcript). During a bench conference AUSA Weiser advised the District Judge that the parties had agreed to amend the plea agreement from a sentence of 10 years to a sentence of 87 months (DN 1237, Sentencing Hearing Transcript at Page 2). He explained this change was the product of the Department of Justice reversing its policy on the Fair Sentencing Act and a mistaken belief that White had multiple prior drug-trafficking offenses like his co-defendants (DN 1237, Sentencing Hearing Transcript at Page 2). The prosecutor explained that an 87 month sentence is more appropriate based on White's circumstances (DN 1237, Sentencing Hearing Transcript at Page 2). The District Judge accepted the Rule 11(c)(1)(C) plea

agreement with the oral supplement changing the agreed upon sentence to 87 months (DN 1237, Sentencing Hearing Transcript at Page 5). The District Judge sentenced White to 87 months imprisonment as to Count 1 in the Third Superseding Indictment (DN 975, Judgment at Page 3; DN 1237, Sentencing Hearing Transcript at Page 5). Additionally, the District Judge imposed a term of five years of supervised release (DN 975, Judgment at Page 4; DN 1237, Sentencing Hearing Transcript at Page 5). The judgment was filed on August 10, 2011 (DN 975).

On December 9, 2011, White, proceeding *pro se*, filed a motion for modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Guideline Amendment No. 750 (DN 1080). He argued Amendment No. 750 to the United States Sentencing Guidelines made a reduction in the base offense level for crack-cocaine offenses retroactive as of November 1, 2011 (DN 1080). On May 1, 2012, the United States Probation Office recommended the original Judgment remain in full force and effect (DN 1136). The Court appointed attorney Dennis Ritchie to represent White (DN 1137). Further, the Court established a deadline for the parties to file their objections to the United States Probation Office's recommendation (DN 1137). Mr. Ritchie did not file an objection (DN 1150).

In an order entered June 7, 2012, the Court denied White's motion (DN 1150, 1151). The Court explained that it originally imposed a sentence using the Supplement to the 2010 Guidelines Manual which incorporated the Fair Sentencing Act's crack cocaine guideline amendments (DN 1150, 1151). Having already applied the lower statutory penalties of the Fair Sentencing Act and the amended guideline range, the Court concluded that no further reduction was warranted (DN 1150, 1151). Notably, White did not file a notice of appeal.

8

On August 29, 2012, White filed his motion to vacate (DN 1197).  On September 14, 2012, he filed an amended motion to vacate (DN 1206, Motion to Vacate at Pages 5-8).  Ten days later, he filed a memorandum in support of his amended motion to vacate (DN 1210).  In Ground One, White claims he received ineffective assistance because he requested defense counsel timely notice an appeal from the district court's sentence but defense counsel failed to notice the appeal (DN 1206, Motion to Vacate at Page 5; DN 1210, Memorandum at Pages 3-5).  In Ground Two, White alleges he received ineffective assistance because defense counsel failed to object to 18 U.S.C. § 3582(c)(2) findings and file an appeal (DN 1206, Motion to Vacate at Page 6; DN 1210, Memorandum at Page 5).  In Ground Three, White claims he should be resentenced in light of the Supreme Court holding in Dorsey v. United States, ___ U.S. ___, 132 S.Ct. 2321 (2012) (DN 1206, Motion to Vacate at Page 8; DN 1210, Memorandum at Pages 5-6).

The United States argues the motion to vacate should be dismissed because White waived his right to file a motion to vacate in paragraph 12 of the plea agreement (DN 1265, Memorandum at Pages 2-3).  Alternatively, the United States requests an evidentiary hearing on White's claim that defense counsel failed to file an appeal (DN 1265, Memorandum at Page 4).  The United States argues there is no merit to the second and third claims asserted by White (DN 1265, Memorandum at Pages 4-5).

White filed a reply memorandum and affidavit in support of his motion to vacate (DN 1278).  He argues the waiver provision in the plea agreement does not apply to his being resentenced (DN 1278).  White agrees an evidentiary hearing should be conducted (DN 1278).

The undersigned appointed counsel for White and scheduled an evidentiary hearing (DN 1294).  Further, the undersigned indicated the scope of the evidentiary hearing would be limited to

developing evidence pertaining to the question of whether White expressed the desire for an appeal (DN 1294).

During the evidentiary hearing, White and the United States presented evidence through testimony from White and attorney Dennis M. Ritchie (DN 1294). White indicated the Court appointed Mr. Ritchie to represent him in the criminal proceedings. White agreed that pursuant to the terms of the plea agreement he waived his right to appeal and collaterally attack his conviction and sentence. Further, White testified he did not discuss with Mr. Ritchie appealing the 87 month sentence the Court imposed on August 2, 2011.

White testified the Court also appointed Mr. Ritchie to represent him on the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). White recalled contacting Mr. Ritchie by telephone after the Court denied his motion in early June 2012. White remembered Mr. Ritchie advising him about the need to file an appeal and he instructed Mr. Ritchie to go ahead and file the appeal. Further, White testified his subsequent calls to Mr. Ritchie were not answered. Therefore, White had his girlfriend, Lee Yan Booth, call Mr. Ritchie on his behalf. According to White, Mr. Ritchie told Ms. Booth that he was filing the appeal. White recalls not hearing anything from Mr. Ritchie in July of 2012. White testified that he contacted the Sixth Circuit Court of Appeals in August of 2012 to see if Mr. Ritchie filed the appeal. White then discovered that Mr. Ritchie did not file the appeal.

Mr. Ritchie testified that he has no recollection of White asking him to appeal the 87 month sentence the Court imposed on August 2, 2011. Mr. Ritchie was not surprised that White did not ask him to file an appeal. Mr. Ritchie explained, prior to entry of the guilty plea, he advised White he would be waiving all of his appellate rights as part of the plea agreement.

10

Mr. Ritchie recalled being appointed to represent White on the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  However, Mr. Ritchie had no recollection of a conversation with White about appealing the Court's unfavorable ruling.  He did not recall talking with Ms. Booth about White's case.  Mr. Ritchie acknowledged that during this time frame he was experiencing alcohol and drug abuse problems.  However, he denied that his substance abuse problems impaired his memory.  Further, he confirmed that he was arrested in Christian County in late April 2012 and charged with one count of possession of a forged bond assignment and two counts of theft by unlawful taking over $1,000.  Mr. Ritchie testified that he entered a guilty plea to these charges and received a five year sentence that was diverted on condition he made restitution.  Mr. Ritchie's Kentucky bar license has been temporarily suspended and he has received inpatient substance abuse treatment.

CONCLUSIONS OF LAW

A

In order to obtain relief under 28 U.S.C. § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.  Reed v. Farley, 512 U.S. 339, 354 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993).  In order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings.  See Brecht v. Abrahamson, 507 U.S. 619, 637-638 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir. 1994).

11

B

The United States argues that White's motion to vacate must be dismissed because he "knowingly waived his right to pursue a 2255 motion in paragraph 12 of his plea agreement" (DN 1265, Memorandum at Pages 2-3). White asserts he should be allowed to proceed despite the waiver provision because of the type of claims he is asserting (DN 1278, Reply Memorandum at Pages 1-3).

The United States' argument assumes the waiver provision applies to all three claims in the § 2255 motion to vacate. In pertinent part, the waiver provision in the plea agreement reads as follows:

> The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (2) to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise.

(DN 637, Plea Agreement at Paragraph 12).

In Ground One, White claims he received ineffective assistance because he requested defense counsel timely notice an appeal from the district court's sentence but defense counsel failed to notice the appeal (DN 1206, Motion to Vacate at Page 5; DN 1210, Memorandum at Pages 3-5). Clearly, White is a collaterally attacking the resulting sentence through a § 2255 motion (DN 1206, Motion to Vacate at Page 5; DN 1210, Memorandum at Pages 3-5). Therefore, the waiver provision applies to the claim in Ground One.

In Ground Two, White alleges he received ineffective assistance because defense counsel failed to object to 18 U.S.C. § 3582(c)(2) findings and file an appeal (DN 1206, Motion to Vacate at Page 6; DN 1210, Memorandum at Page 5). In Ground Three, White claims he should be

12

resentenced in light of the Supreme Court holding in <u>Dorsey v. United States</u>, ___ U.S. ___, 132 S.Ct. 2321 (2012) (DN 1206, Motion to Vacate at Page 8; DN 1210, Memorandum at Pages 5-6). Both of these claims are distinguishable from the claim in Ground One because they are collaterally attacking the Court's unfavorable ruling on White's motion pursuant to § 3582(c)(2) (DN 1206, Motion to Vacate at Pages 6, 8; 1210, Memorandum at Pages 5-6). Notably, the waiver provision in the plea agreement does not mention § 3582 motions (DN 637, Plea Agreement at Paragraph 12).

"Any ambiguity in plea-agreement language is construed against the government." <u>United States v. Goodloe</u>, 388 Fed.Appx. 500, 503 (6th Cir. 2010) (unpublished opinion) (citing <u>United States v. Harris</u>, 473 F.3d 222, 225 (6th Cir. 2006)). Although White waived the right to appeal or collaterally attack the sentence imposed by the Court, a § 3582 motion is not an attack on the original sentence. <u>United States v. Cooley</u>, 590 F.3d 293, 297 (5th Cir. 2009). Rather, a § 3582(c)(2) motion brings to the court's attention changes in the sentencing guidelines that allow for a sentence reduction. <u>Cooley</u>, 590 F.3d at 297 (also noting that § 3582(c)(2) motions are not an avenue through which to attack the original sentence); <u>see also</u> <u>United States v. Woods</u>, 581 F.3d 531, 536 (7th Cir. 2009); <u>United States v. Leniear</u>, 574 F.3d 668, 672 & n. 3 (9th Cir. 2009); <u>United States v. Chavez-Salais</u>, 337 F.3d 1170, 1174 (10th Cir. 2003); <u>United States v. Strachan</u>, 319 Fed.Appx. 774, 776 (11th Cir. 2009) (unpublished); <u>United States v. Isaacs</u>, 301 Fed.Appx. 183, 185 (3d Cir. 2008) (unpublished) (noting that appellant who was barred by appellate waiver was free to file a § 3582 motion)). Thus, because the waiver provision in the plea agreement is at best ambiguous as to the § 3582 motion, the waiver provision does not apply to Grounds Two and Three.

In sum, the waiver provision does not apply to two of the three claims raised by White. Therefore, the waiver provision cannot be used as a basis for dismissing White's § 2255 motion.

However, the waiver provision may serve as a procedural basis for denying the claim in Ground One.

## C

### 1

The undersigned will now apply the waiver provision to the ineffective assistance of counsel claim in Ground One. The Sixth Circuit has consistently held that a defendant's knowing, intelligent, and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable. See e.g. Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999). Additionally, in Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001), the Sixth Circuit held "[w]hen a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring [sic] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." However, a waiver of the right to collaterally attack the conviction and/or sentence does not preclude a challenge that goes to the very validity of the guilty plea or the waiver itself. In re Acosta, 480 F.3d 421, 422 (6th Cir. 2007). An example of such a challenge is where a movant argues his plea or waiver was involuntary or the product of ineffective assistance of counsel. Id.

White claims he received ineffective assistance because he requested defense counsel timely notice an appeal from the district court's sentence but defense counsel failed to notice the appeal (DN 1206, Motion to Vacate at Page 5; DN 1210, Memorandum at Pages 3-5). Clearly, White has not raised a challenge that goes to the very validity of his guilty plea or the waiver itself. Further, it is apparent from the record that during the change of plea hearing the Court complied with the Constitution and Rule 11, including subpart (b)(1)(N). Thus, the waiver is valid. In re Acosta, 480

14

F.3d at 423.

Having found the waiver valid, it would appear that White may not collaterally attack his sentence under § 2255.  The analysis, however, does not end here because White asserts defense counsel disregarded his request to file a notice of appeal.


2

In Strickland the Supreme Court held that criminal defendants have a Sixth Amendment right to a "reasonably effective" attorney and established the two component test for assessing claims of ineffective assistance of counsel.  466 U.S. at 687.  To prevail on a claim of ineffective assistance of counsel a defendant must show, "that counsel's representation fell below an objective standard of reasonableness," Id. at 688, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

In Roe v. Flores-Ortega, the Supreme Court held the Strickland test applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal.  528 U.S. 470, 477 (2000).  With regard to the performance component, the Supreme Court recognized the long-established rule "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  528 U.S. at 477 (citing Rodriquez v. United States, 395 U.S. 327, 329-330 (1969)).  Moving to the prejudice component, the Supreme Court held "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal."  Flores-Ortega, 528 U.S. at 484.  Notably, the Supreme Court rejected the proposition that a defendant must establish prejudice by showing

possible success on the merits.  Id. at 485-486.  The Supreme Court explained as follows:

> We similarly conclude here that it is unfair to require an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal.  Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed.

Id. at 486; see also Ludwig v. United States, 162 F.3d 456, 459 (6th Cir. 1998) ("[T]he failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment.").  Thus, if defense counsel disregards a defendant's specific instructions to file an appeal, the defendant is entitled to a resentencing and to file an appeal, without having to show the appeal would likely have merit.  Peguero v. United States, 526 U.S. 23, 28 (1999) (citing Rodriquez, 395 U.S. at 329-330); Ludwig, 162 F.3d at 459 (because prejudice is presumed the probability of success on appeal is not a consideration).

The Sixth Circuit has joined with the majority of the circuits in extending the principles set out in Flores-Ortega to defendants who, pursuant to a plea agreement, waived the right to challenge their conviction or sentence on either direct appeal or collateral review.  Campbell v. United States, 686 F.3d 353, 355, 358-360 (6th Cir. 2012); Wright v. United States, 320 Fed.Appx. 421, 422, 425-427 (6th Cir. 2009) (unpublished opinion).  Specifically, the Sixth Circuit held as follows:

> [E]ven when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal.

Campbell, 686 F.3d at 360.  Implicit within this holding is the Sixth Circuit's recognition that defendants will use a motion to vacate, under 28 U.S.C. § 2255, to present the ineffective assistance of counsel claim.  Id. at 357-360.  Thus, despite the waiver provision in the plea

16

agreement being valid, White may present his ineffective assistance of counsel claim in a § 2255 motion to vacate.

3

The undersigned conducted an evidentiary hearing to determine if White in fact expressed the desire for an appeal as he asserts in Ground One. The sworn testimony of White and Mr. Ritchie demonstrates they did not discuss appealing the 87 month sentence imposed on August 2, 2011. Further, their testimony indicates White did not make an actual request to file an appeal. Thus, the evidence shows Mr. Ritchie did not disregard specific instructions to file an appeal. This means there is no merit to the ineffective assistance of counsel claim asserted in Ground One. For this reason, White is not entitled to relief on the claim asserted in Ground One.

When the Court rejects a claim on the merits, a movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons set forth above, the undersigned concludes reasonable jurists would not find this assessment of the constitutional claim debatable or wrong. Therefore, the undersigned recommends that a Certificate of Appealability be denied as to Ground One in White's § 2255 motion.

D

In Ground Two, White alleges he received ineffective assistance because counsel failed to object to 18 U.S.C. § 3582(c)(2) findings and file an appeal (DN 1206, Motion to Vacate at Page 6; DN 1210, Memorandum at Page 5). White is asserting two separate claims of ineffective

17

assistance of counsel in Ground Two.  However, he has adverted to the claim of defense counsel

failing to file objections in a perfunctory manner, unaccompanied by some effort at developed

argumentation, therefore it will be deemed waived.  United States v. Layne, 192 F.3d 556, 566 (6th

Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); see also Brindley

v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully

developed and argued to be waived.").

       This leaves White's claim that he received ineffective assistance of counsel because Mr.

Ritchie disregarded his specific instructions to file an appeal.  Relying on the principles set out in

Flores-Ortega, White argues he is entitled to a resentencing and to file an appeal, without having to

show the appeal would likely have merit.

       The United States, instead, relies on the two component test in Strickland v. Washington, 466

U.S. 668, 696 (1984) (DN 1265, Memorandum at Pages 4-5).  It argues White cannot prove

prejudice because the Court had no jurisdiction to modify White's sentence under 18 U.S.C. §

3582(c)(2).  United States v. Williams, 607 F.3d 1123, 1125-1126 (6th Cir. 2010); United States v.

Passmore, 2012 WL 5278583 (6th Cir. Oct. 25, 2012).  The United States explains that the Court has

jurisdiction to modify a sentence "in the case of a defendant who has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission."  18 U.S.C. § 3582(c)(2).  It points out that White was sentenced using the 2010

Supplemental Sentencing Guidelines, which applied the Fair Sentencing Act amendments.  Thus,

the United States reasons, White's Guideline sentencing range was 70-87 months on August 2, 2011,

the day he was sentenced, and his Guideline sentencing range remains 70-87 months today.

Moreover, the United States points out, the Fair Sentencing Act's lowering of the statutory

mandatory minimum sentence is completely irrelevant because § 3582(c) only confers jurisdiction when the Sentencing Commission lowers a sentencing range, not when Congress establishes a new mandatory minimum.

The Sixth Amendment right to counsel is the corner stone of the holding in Strickland. 466 U.S. at 684-686. "The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results." Id. at 685. This is why the Supreme Court in Strickland held that criminal defendants have a Sixth Amendment right to a "reasonably effective" attorney and established the two component test for assessing claims of ineffective assistance of counsel. 466 U.S. at 687.

In making their ineffective assistance of counsel arguments, both parties have assumed that White has a Sixth Amendment right to counsel in a § 3582(c)(2) proceeding. They have turned a blind-eye to the plethora of case law holding there is no constitutional right to counsel in a 18 U.S.C. § 3582(c)(2) proceeding. United States v. Carrillo, 389 Fed.Appx. 861, 863, 2010 WL 3010348, *2 (10th Cir. 2010); United States v. Olden, 296 Fed.Appx. 671, 674 (10th Cir. 2008) (rejecting a defendant's claim that he had a constitutional right to assistance of counsel in pursuing a § 3582 motion); accord United States v. Legree, 205 F.3d 724, 730 (4th Cir.2000); United States v. Tidwell, 178 F.3d 946, 949 (7th Cir.1999); United States v. Townsend, 98 F.3d 510, 512-13 (9th Cir.1996) (per curiam); United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir.1995); United States v. Reddick, 53 F.3d 462, 464-65 (2d Cir.1995); cf. Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir.2008) (holding that "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction"); Barbour v. Haley, 471 F.3d 1222, 1227-28 (11th Cir.2006). This means White cannot claim that he received ineffective assistance of counsel in his § 3582 proceedings. See

Coleman v. Thompson, 501 U.S. 722, 752 (1991) (explaining that a defendant cannot claim ineffective assistance of counsel in a proceeding in which that defendant has no constitutional right to an attorney); Wainwright v. Torna, 455 U.S. 586, 587-588 (1982) (per curiam) (holding that where there is no constitutional right to counsel there can be no deprivation of effective assistance). Therefore, White is not entitled to relief on the claims asserted in Ground Two.

When the Court rejects a claim on the merits, a movant must demonstrate that reasonable jurists would find the Court's assessment of the claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons set forth above, the undersigned concludes reasonable jurists would not find this assessment of the claim debatable or wrong. Therefore, the undersigned recommends that a Certificate of Appealability be denied as to Ground Two in White's § 2255 motion.

E

In Ground Three, White claims he should be resentenced in light of the Supreme Court holding in Dorsey v. United States, ___ U.S. ___, 132 S.Ct. 2321 (2012) (DN 1206, Motion to Vacate at Page 8; DN 1210, Memorandum at Pages 5-6). This claim arises out of the Court's denial of his § 3852(c)(2) motion for resentencing.

The United States argues there is no reason to resentence White because the parties agreed to an 87 month sentence with the Fair Sentencing Act changes in mind (DN 1265, Memorandum at Page 5). Further, it asserts that the 87 month sentence is within the applicable Guideline range of 70-87 months.

In Dorsey, the Fair Sentencing Act was not applied by the sentencing courts during the post-

20

Act sentencing of pre-Act offenders Dorsey and Hill.  Id. at 2329.  The Supreme Court granted their

petitions for certiorari because the Circuit Courts of Appeals had "come to different conclusions as

to whether the Fair Sentencing Act's more lenient mandatory minimums apply to offenders whose

unlawful conduct took place before, but whose sentencing took place after, the date that the Act took

effect..."  Id. at 2330.  The Supreme Court held "that Congress intended the Fair Sentencing Act's

new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders."  Id. at

2335.

The Fair Sentencing Act took effect on August 3, 2010 and the new Guidelines took effect

on November 1, 2010.  Id. at 2335-2336.  Thus, White is a pre-act offender who was sentenced on

August 2, 2011, which is after the effective dates of the Fair Sentencing Act and the new Guidelines.

However, the holding in Dorsey does not apply to White because the Court applied the Fair

Sentencing Act's guideline range and statutory penalties when it sentenced him (DN 1151).  When

the Court denied White's § 3852(c)(2) motion it provided the following explanation:

> The Court originally imposed a sentence using the Supplement to the
> 2010 Guidelines Manual.  The Supplement incorporated the Fair
> Sentencing Act's crack cocaine guideline amendments.  The Court
> having already applied the lower statutory penalties of the Fair
> Sentencing Act and the amended guideline range, no further
> reduction applies.

(DN 1150).  In sum, White is not entitled to relief on the claim asserted in Ground Three.

When the Court rejects a claim on the merits, a movant must demonstrate that reasonable

jurists would find the Court's assessment of the claim debatable or wrong.  Slack v. McDaniel, 529

U.S. 473, 484 (2000).  For the reasons set forth above, the undersigned concludes reasonable jurists

would not find this assessment of the claim debatable or wrong.  Therefore, the undersigned

recommends that a Certificate of Appealability be denied as to Ground Three in White's § 2255

21

motion.

## RECOMMENDATION

For the foregoing reasons, it is recommended that White's motion to vacate be **DENIED**. Further, the undersigned recommends that a Certificate of Appealability be **DENIED** as to all of the Claims asserted in his motion to vacate.

## NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, U.S. 140 (1984).

Copies:      Michael Troy White, *pro se*
             Counsel of Record